UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:17-cv-00001-FDW

| | |
|---|---|
| SUSAN E. KELLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court upon Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act. (Doc. No. 23). Defendant filed a response, (Doc. No. 26), arguing that the Acting Commissioner's defense of her final decision was substantially justified. Plaintiff has not replied and the time for filing a reply has expired. Having carefully considered the Motion, the record, and the applicable authority, Plaintiff's Motion is DENIED.

I. BACKGROUND

On October 19, 2012, Plaintiff filed an application for disability insurance benefits, alleging a disability onset date of May 15, 2007. (Tr. 138, 151, 239, 329). Her applications were denied initially and upon reconsideration. (Tr. 138, 151). A hearing was held before an Administrative Law Judge ("ALJ") on June 4, 2015. (Tr. 65). Plaintiff was represented by counsel, and a vocational expert ("VE") testified. (Tr. 65–80). On July 17, 2015, the ALJ issued a decision denying Plaintiff's request for benefits. (Tr. 43). The Appeals Council denied Plaintiff's request for review on November 3, 2016. (Tr. 1). Plaintiff filed a civil action on January 2, 2017. (Doc. No. 1). Plaintiff raised three assignments of error: (1) the ALJ accepted testimony from the VE that apparently conflicted with the Dictionary of Occupational Titles ("DOT"); (2)

1

the ALJ did not give a complete explanation of the nonexertional mental functions in the broad areas of functioning and did not make a complete finding as to Plaintiff's mental residual functional capacity ("RFC"); and (3) the ALJ did not provide legally sufficient reasons for finding Plaintiff's testimony not entirely credible. (Doc. No. 11, p. 5). This Court found "none of these assignments of error so compelling to merit remand" and granted summary judgment for the Government. (Doc. No. 14, p. 3–4).

On appeal to the Fourth Circuit, Plaintiff raised the same three assignments of error. The Fourth Circuit affirmed this Court's decision that the ALJ's credibility analysis was supported by substantial evidence and that the ALJ sufficiently and precisely accounted for Plaintiff's mental impairments when crafting the RFC. Keller v. Berryhill, 754 F. App'x 193, 195 (4th Cir. 2018). The Fourth Circuit, however, found that the ALJ erred by failing to identify and resolve an apparent conflict between the VE's testimony and the DOT and remanded on that basis. Id. Plaintiff subsequently filed this instant motion for attorney's fees on April 25, 2019. (Doc. No. 23).

## II. ANALYSIS

Granting a motion for attorney's fees and costs to the "prevailing party" under the Equal Access to Justice Act ("EAJA") is proper "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The parties do not dispute the fact that Plaintiff is the prevailing party. A plaintiff who receives a remand order in a Social Security case is a prevailing party for EAJA purposes. Shalala v. Shaefer, 509 U.S. 292, 301–02 (1993).

The Government has the burden of showing that its position was substantially justified. United States v. 515 Granby, LLC, 736 F.3d 309, 314 (4th Cir. 2013) (citing EEOC v. Clay Printing Co., 13 F.3d 813, 815 (4th Cir. 1994)). Substantial justification does not require the

position to be correct—a position may be substantially justified if a reasonable person could think it correct. See Pierce v. Underwood, 487 U.S. 552, 566 n. 2 (1988). "The [G]overnment can defeat a claim for attorney's fees by showing that its position had a reasonable basis in both fact and law." Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991) (citing Pierce, 487 U.S. at 565).

The legal question of whether attorney's fees should be awarded is not answered in context of what the law now is, but what the Government was substantially justified in believing it to have been." Pierce, 487 U.S. at 561. If, at the time of the Government's argument, circuit law was less settled than at the time of the Court's order, that may support a finding of substantial justification. See Pierce, 487 U.S. at 561; see also Suggs v. Colvin, No. 4:11-cv-128-FL, 2013 WL 1455310, at *2 (E.D.N.C. Apr. 9, 2013) (finding that the Government was substantially justified in arguing that the ALJ was not required to consider the VA disability determinations because, prior to the Fourth Circuit's decision in Bird v. Commissioner, "the law in this Circuit was less settled regarding whether the ALJ was required to consider the VA disability decisions"). A string of successes of a position, while not conclusive, can be indicative of a substantially justified position. See Pierce, 487 U.S. at 569.

In Keller, the Fourth Circuit held that "apparent conflict exists between a limitation to short and simple instructions and Reasoning Level 3 occupations. 754 F. App'x at 198. The Fourth Circuit acknowledged "[s]everal other courts of appeals have relied on precedent addressing a simple tasks limitation" and concluded it was appropriate to do the same." Id. at n.4. However, prior to the Fourth Circuit's decision in Keller, whether an RFC limitation to short and simple instructions is in apparent conflict with Reasoning Level 3 occupations was not subject to clear, controlling precedent. Given the lack of controlling precedent, the Government reasonably relied on a string of prior decisions by this Court holding that "[t]here is no direct correlation between

the DOT's reasoning levels and a limitation to carrying out simple instructions or performing simple work; thus jobs requiring an individual to perform such work [are] consistent with a DOT [Reasoning Level of 3]." Martin v. Colvin, No. 1:14-CV-234, 2015 WL 9094738, at *5 (W.D.N.C. Dec. 16, 2015) (Voorhees, J.) (quoting Carringer v. Colvin, No. 2:13-cv-00027-MOC, 2014 WL 1281122, at *3 (W.D.N.C. Mar. 27, 2014) (Cogburn, J.)); see also Clontz v. Astrue, No. 2:12-cv-00013, 2013 WL 3899507, at *5 (W.D.N.C. July 29, 2013) (Whitney, J.) (A reasoning level of 3 is consistent with a limitation to simple, unskilled work.); Williams v. Astrue, No. 3:11-cv-592, 2012 WL 4756066, at *4–5 (W.D.N.C. Aug. 27, 2012) (Cayer, J.) (same); Thacker v. Astrue, No. 3:11-cv-246-GCM-DSC, 2011 WL 7154218, at *4 (W.D.N.C. Nov. 28, 2011) (Cayer, J.) (same). Although the current landscape of the law makes clear there is an apparent conflict between Plaintiff's RFC limitation to short and simple instructions and the Reasoning Level 3 vocations listed by the VE, this conflict was less clear at the time of the Government's argument. Given the string of past successes when presenting that position to this Court, as well as the lack of controlling precedent on this issue at the time of the Government's argument, the Court finds the Government was substantially justified in its position at the time it made its argument in the case at bar. See Pierce, 487 U.S. at 561, 569.

Furthermore, where a case is remanded for the ALJ to inquire further into purported DOT and RFC conflicts, but the ALJ's decision may not ultimately be affected by the clarification, the Government's position is likely substantially justified. See Goode v. Colvin, No. 1:14-CV-00056-FDW, 2015 WL 1384166, at *2 (W.D.N.C. Mar. 25, 2015). Here, the Fourth Circuit made clear that "[its] conclusion does not mean that an actual conflict exists between a simple instructions limitation and occupations requiring a Reasoning Development Level 3 . . . [It] decide[s] only that an apparent conflict exists . . . and that the ALJ was obliged to resolve that apparent conflict with

the VE's help." Keller, 754 F. App'x at 199. The Fourth Circuit expressed no opinion as to whether Plaintiff is unable to actually perform the identified occupations, further indicating that the Government was substantially justified in its position. Id.

### III. CONCLUSION

Accordingly, the Court finds the Government's position was substantially justified and Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act (Doc. No. 23) is DENIED.

IT IS SO ORDERED.

Signed: August 12, 2019

Frank D. Whitney
Chief United States District Judge